IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| SHAMSUL AREFIN )<br>**Plaintiff,** )<br>)<br>v. )    No.<br>)<br>JEFFERSON CAPITAL SYSTEMS, LLC  & )<br>FENTON & MCGARVEY LAW FIRM, P.S.C. )<br>**Defendants,** ) | |

## <u>JURY TRIAL DEMANDED</u>

## COMPLAINT

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under **28 U.S.C. § 1331**, and pursuant to **15 U.S.C. § 1692k (d)**.

2. This action arises out of violations of the **Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq**. ("FDCPA") by all Defendants, in their illegal efforts to collect consumer debts.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

## PARTIES

4.     Plaintiff, Shamsul Arefin (hereinafter referred to as "Plaintiff"), is a natural person who resides in Davidson County, Tennessee and is a "consumer" as that term is defined by **15 U.S.C. § 1692a (3)**.

5.     Defendant Jefferson Capital Systems, LLC, (hereinafter "Defendant Jefferson") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6), and a for-profit Limited Liability Company organized in Georgia, with a principal place of business in Saint Cloud, Minnesota and

may be served through its agent for service of process at Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.

6. Defendant Fenton & McGarvey Law Firm, P.S.C. (hereinafter "Defendant Fenton") is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and a for-profit professional services corporation organized in Kentucky, that maintains Thomas C. Fenton, 401 South Fourth Street, Suite 1200, Louisville, KY 40202 as its registered agent for service of process.

## FACTUAL ALLEGATIONS

8. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by **15 U.S.C. § 1692a (5)**, namely, a consumer loan originally owed to, or serviced by, AUC Platinum MC. (Hereinafter "AUC").

9. Sometime prior to August 10, 2015 Plaintiff's alleged debt was consigned, sold or otherwise transferred to Defendants for collection from the Plaintiff.

### *Collection Lawsuit*

10. Within one (1) year prior to the filing of this Complaint, on or about August 10, 2015 Defendants filed a Civil Warrant and Affidavit against the Plaintiff in General Sessions Court of Davidson County (collectively the "collection lawsuit"). ***See Exhibit 1.***

11. The Civil Warrant was filed and served on the Plaintiff in connection with collection of a debt and in an attempt to collect a debt, and is a "communication" as defined by **15 U.S.C. 1692a(2)**.

12. On or about September 15, 2015, Plaintiff retained counsel to defend himself in the collection lawsuit. At that time a Sworn Denial and Answer were timely filed with the court. *See Exhibits 2 & 3.*

### *Sworn Affidavit*

23. A custodian of records for Defendant Jefferson by the name of Donna Larson (hereinafter "Larson") signed the affidavit filed for Defendant Jefferson. **Exhibit 1, page 3.**

24. On information and belief, this custodian is an employee of Defendant Jefferson.

25. On information and belief, this custodian did not review any business records prior to signing the sworn affidavit. This custodian is a "robo-signer", someone whose sole job is to sign affidavits without ensuring their accuracy by reference to any business records.

26. According to the sworn affidavit, the debt Defendants sought to collect was for "certain records relating to the account of SHAMSUL AREFIN:" and no original creditor is listed on the affidavit, only an account number.

14. No paperwork to validate this debt has ever been produced to the Plaintiff or Plaintiff's counsel.

15. Defendant Jefferson by and through Defendant Fenton in the general sessions suit initiated suit on August 10, 2015, on this debt while knowing or should have known that no paperwork was available to validate the debt.

17. The filing of a collection lawsuit is a collection activity.

18. By filing a general session court civil lawsuit with no paperwork to validate this debt all Defendants thereby prosecuted this general sessions lawsuit and caused Plaintiff actual damages in the form of attorney's fees and costs to defend this action and anger, anxiety, emotional distress, fear, frustration, upset, humiliation, and embarrassment, amongst other emotions, as well as

suffering from unjustified and abusive invasions of personal privacy because all Defendants had no good faith basis to believe that they could prevail on the merits of the lawsuit.

19. Specifically, at the time the Defendant Jefferson purchased Plaintiff's alleged Account, they did not receive any documents which (a) could be used as evidence to show, in a court of law, that the Plaintiff had entered into a Contract with any entity creating the debt or opening an Account, (b) show how the amount claimed as due was calculated or what the Plaintiff received in return for incurring the debt, (c) show how the pre-judgment interest on the debt was to be calculated, and (d) show when the debt went into default and what acts by the Plaintiff caused the alleged default, and they did not possess any such documents as of the date they filed the collection lawsuit.

19. Despite the fact that they had no evidence showing that the Plaintiff owed the amount of debt they were alleging he owed, and prior to making a reasonable and adequate investigation as to whether the Plaintiff owed the amount of debt they were alleging he owed, Defendant Jefferson, by and through Defendant Fenton filed suit against the Plaintiff in General Sessions Court seeking to collect Fifteen Thousand Two Hundred Eighty Dollars and Sixty-One Cents ($15,280.61), plus court cost and post judgment interest.

20. All Defendants failed to maintain (i.e., actually employ or implement) procedures to avoid errors under the FDCPA, during the collection of Plaintiff's alleged debt.

*Illegal Debt Collection, and Collection Service Conduct by Defendant Caused*

*Plaintiff to Suffer Actual Damages*

21. That the above-detailed conduct by all Defendants, of harassment, abuse, false, misleading, unfair and deceptive acts and/or practices in illegally attempting to collect a debt from the Plaintiff in violation of numerous and multiple provisions of the FDCPA, including, but not limited to, all

of the above mentioned provisions of the FDCPA and a revelation of private financial data to third parties.

22. That Plaintiff has suffered actual damages as a result of these illegal communications and collection attempts by all Defendants in the form of attorney's fees, costs, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, and embarrassment, amongst other emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

23. That Plaintiff is informed, believes, and therefore alleges that all Defendants knowingly and intentionally engaged in harassing, abusive, false, misleading, unfair, deceptive and illegal debt collection.

### *Summary*

24. The attempt to collect the an erroneous debt which through the use of a civil lawsuit is an unfair and deceptive practice, a malicious prosecution, an invasion of privacy, and a violation of numerous and multiple provision of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, amongst others.

### *Respondeat Superior Liability*

25. In addition to their individual liability under the FDCPA, the acts and omissions of Defendant Fenton as agent for the Defendant Jefferson, were committed within the time and space limits of the agency relationship with their principal.

26. The acts and omissions by the Defendants Fenton were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by the Defendants Jefferson in collecting consumer debts.

27. By committing these acts and omissions against the Plaintiff, Defendants Fenton were motivated to benefit their principal, Defendants Jefferson.

28. The Defendants Fenton are therefore liable to Plaintiff Arefin through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of Federal Law by the debt collectors employed as agents by the Defendants Jefferson and Defendants Fenton including, but not limited to, violations of the FDCPA, in their attempts to collect the debt from the Plaintiff.

## TRIAL BY JURY

29. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq*

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above cited provisions of the FDCPA, **15 U.S.C. § 1692 et seq**.

32. As a result of all Defendants violations of the FDCPA, Plaintiff has suffered out of pocket expenses and therefore is entitled to actual damages pursuant to **15 U.S.C. § 1692k (a)(1)**, in an amount to be determined at trial by a jury; statutory damages pursuant to **15 U.S.C. §**

**1692k(a)(2)(A)** in the amount of One Thousand Dollars ($1,000.00); and reasonable attorney's fees and costs pursuant to **15 U.S.C. § 1692k(a)(3)** from each and every Defendant.

## COUNT II.

## MALICIOUS PROSECUTION

33. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

34. Defendants Jefferson and Defendants Fenton instigated an unjustifiable and unreasonable civil action upon the Plaintiff.

35. The general session court lawsuit bought by the Defendants against the Plaintiff was without probable cause and had no reasonable grounds on which to base a belief that the plaintiff therein would prevail on the merits.

36. The general session court lawsuit brought by all Defendants has yet to be adjudicated.

37. Plaintiff is entitled to actual and compensatory damages from all Defendants for willfully initiating and continuing a wrongful civil action against him and thereby inflicting fear, anxiety, embarrassment and emotional distress on the Plaintiff, as more fully alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

## COUNT I.

### *VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT*

### *15 U.S.C. § 1692 et seq*

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each and every Defendant;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

## COUNT II.

### *MALICIOUS PROSECUTION*

- For an award of actual and compensatory damages against all Defendants for Plaintiff's emotional distress suffered as a result of the FDCPA violations and malicious prosecution to be determined at trial; and,

- For such other and further relief as may be just and proper.

Respectfully submitted on behalf of,

Dated   July 13, 2016              **SHAMSUL AREFIN**

*/s/ William M. Kaludis*
William M. Kaludis, Atty.
SHIELD LAW GROUP
BPR #017433
1230 2nd Ave. S.
Nashville, TN 37210-4110
Phone: (615) 742-8020
Fax: (615) 255-6037
bill@shieldlawgroup.com